J-S48035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BOBBY LEE KOMROWSKI, | |
| Appellant | No. 19 MDA 2014 |

Appeal from the PCRA Order November 7, 2013
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0004433-2007

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 09, 2014**

Appellant, Bobby Lee Komrowski, appeals from the order of November 7, 2013, which denied, following a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed a motion to withdraw. For the reasons discussed below, we grant counsel's request to withdraw and affirm the denial of the PCRA petition as untimely.

On February 19, 2009, Appellant entered a negotiated guilty plea to one count of murder in the third degree. The charge arose from the stabbing death of Appellant's ex-girlfriend on October 10, 2007. Appellant waived his right to a pre-sentence investigation report and was sentenced in

_____

[*] Retired Senior Judge assigned to the Superior Court.

accordance with the terms of the plea bargain to a term of incarceration of not less than twenty nor more than forty years. Appellant filed a timely motion to withdraw his guilty plea, which the trial court denied on March 20, 2009. Appellant filed a timely direct appeal, and on February 10, 2011, this Court affirmed the judgment of sentence. (**See Commonwealth v. Komrowski**, 24 A.3d 451 (Pa. Super. 2011) (unpublished memorandum)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On November 15, 2011, Appellant, acting *pro se*, filed the instant, timely PCRA petition. The PCRA court appointed counsel on December 8, 2011. The Commonwealth filed a response to the PCRA petition on April 18, 2012. The PCRA court held a hearing on July 11, 2013 and September 9, 2013. On November 7, 2013, the PCRA court denied Appellant's PCRA petition. Appellant filed the instant, timely appeal.[1]

Here, as noted, Appellant's court-appointed counsel has petitioned this Court for permission to withdraw and has submitted a **Turner/Finley**[2]-compliant brief. Appellant has not responded to the petition to withdraw. Court-appointed counsel who seeks to withdraw from representing an

_____

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See** Pa.R.A.P. 1925. The PCRA court did file an opinion on January 14, 2014. **See** Pa.R.A.P. 1925(a).

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

appellant on appeal of a denial of a PCRA petition on the basis that the appeal lacks merit must review the case zealously. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

> *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Id.* (citations omitted).

In the instant matter, counsel has filed a brief. *See Anders v. California,* 386 U.S. 738 (1967).[3]  However, counsel has substantially complied with the dictates of *Turner/Finley*. (*See* Petition to Withdraw as Counsel, 5/20/14, at unnumbered pages 1-2).

When this Court receives a *Turner/Finley* brief, we conduct an independent review of the record in light of the PCRA petition and the issues set forth within it, as well as of the contents of the petition of counsel to

---

[3] We note that a *Turner/Finley* no-merit letter rather than a brief is the correct filing. *See Turner*, *supra*; *Finley*, *supra*. Since an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief instead of a *Turner/Finley* letter. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n. 2 (Pa. Super. 2011).

withdraw. ***See Wrecks***, ***supra*** at 721. We will grant the petition to withdraw, where, as here, we agree with counsel that the petition is meritless. ***See id.*** Accordingly, we grant counsel's petition to withdraw.

On appeal, the ***Turner/Finley*** brief raises the following question for our review:

> I. Whether [t]rial [c]ounsel was ineffective in permitting Appellant to enter his guilty plea[?]

(Appellant's Brief, at 1).

Our standard of review for an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Appellant claims that he received ineffective assistance of plea counsel. (***See*** Appellant's Brief, at 6-8). "A criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea."

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds,* *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Jones*, *supra* at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

trial." ***Rathfon***, ***supra*** at 370 (citation omitted). Appellant has utterly failed to do so.

Here, at his PCRA hearing, Appellant vaguely claimed plea counsel refused to discuss trial strategy, would not answer his questions, and that his will was overborn, forcing him to plead guilty. (N.T. PCRA Hearing, 7/11/13, at 7-10, 19-20, 29, 33, 53-54). However, Appellant stated several times at the PCRA hearing that he stabbed the victim to death, and that he had admitted stabbing the victim to the 911 operator and several of the investigating officers. (***See id.*** at 8, 31-32, 35-36, 39-40, 42-43). Moreover, he reiterated that he believed that he was not guilty of murder in the third degree, because he disagreed with the facts as stated by the Commonwealth at the time of his guilty plea. (***See id.*** at 8-9, 18-20, 30-31, 53-54).

We have held that where the record clearly shows that the court conducted a thorough guilty plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. ***See Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. ***See id.*** At a minimum, the trial court must inquire into the following six areas:

> (1) Does the defendant understand the nature of the charges to which he is pleading guilty?
>
> (2) Is there a factual basis for the plea?

(3)    Does the defendant understand that he has a right to trial by jury?

(4)    Does the defendant understand that he is presumed innocent until he is found guilty?

(5)    Is the defendant aware of the permissible ranges of sentences and/or fines for the offense charged?

(6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that is read, completed, signed by the defendant, and made a part of the record; and an on-the-record oral examination. *See id.*

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (*See* Written Guilty Plea, 2/19/09, at 13; N.T. Guilty Plea Hearing, 2/19/09, at 2-53). At the guilty plea hearing, Appellant testified that his plea was voluntary, he had consulted with counsel, and he was satisfied with counsel's representation. (*See* N.T. Guilty Plea Hearing, *supa* at 14, 22, 33, 42). Appellant also testified that he had read and understood the written guilty plea colloquy. (*See id.* at 7). Appellant did not make any complaints or voice any dissatisfaction with counsel's representation during the plea colloquy and, in fact, stated that he was "very

- 7 -

much" satisfied with counsel. (*Id.* at 22; *see also id. at* 14, 23). In the written colloquy, Appellant indicated that he understood the charges against him and understood the nature of his plea, his rights and what rights he was giving up, and agreed that he was fully satisfied with counsel's representation. [4] (*See* Written Guilty Plea, *supra* at 2-13). Appellant specifically agreed that he was entering the plea of his own free will and that no one had forced him to plead guilty. (*See id.* at 2, 9).

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa.

_____

[4] Based upon the testimony at the PCRA hearing, it appears that Appellant had three main disputes with the facts underlying his guilty plea: the number of times he stabbed the victim; whether he was in violation of a Protection from Abuse order at the time of the stabbing, and if his actions were malicious. (*See* N.T. PCRA Hearing, 7/11/13, at 19, 24-30, 43-48). Appellant admitted that all three of these issues had been addressed at the guilty plea hearing. (*See id.* at 43-48; *see also* N.T. Guilty Plea Hearing, 2/19/09, at 9-11, 39-41).

1997) (citation omitted). Here, Appellant has not shown that his decision to enter the guilty plea was involuntary. He has therefore failed to prove prejudice. Thus, his claim of ineffective assistance of plea counsel lacks merit. Further, this Court has conducted an independent review of the record as required by **Wrecks** and finds that no non-frivolous issues exist.

Accordingly, we affirm the denial of his PCRA petition and grant counsel's request to withdraw.

Motion to withdraw as counsel granted. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2014